LEE v. UPSON & HART Co. et al.

(Circuit Court, D. Connecticut.  October 4, 1890.)

PATENTS FOR INVENTIONS—ANTICIPATION—EVIDENCE.
    The invention described in letters patent No. 365,819, issued July 5, 1887, to Horatio Jordan, for improvement in the art of welding the ends of metal tubes, and consisting in but-welding the ends of tubular metallic blanks, like those theretofore used, is near the dividing line between the work of an inventor and of a mechanic; and the evidence of cutlery manufacturers that they had but-welded such blanks before the patentee's invention being a natural and probable occurrence, is sufficient to satisfy the court of the fact of anticipation.

In Equity.

Bill by William W. Lee against the Upson & Hart Company and others, to restrain the defendants from infringing letters patent No. 365,-819, issued July 5, 1887, to Horatio Jordan, for improvement in the art of welding the ends of metal tubes. For former opinion, see 42 Fed. Rep. 530.

Edward S. Beach, for complainant.
· John P. Bartlett, for defendants.

SHIPMAN, J.   This is a petition of the plaintiff for a rehearing of the above-entitled cause. The bill was dismissed, upon the ground that the invention described in the patent in suit, known as the "Jordan Patent," had been anticipated. 42 Fed. Rep. 530. The plaintiff asks for a rehearing on account of the insufficiency of the defendants' testimony upon this point. The case showed that the Jerălds and Lawton blank for a hollow knife-handle, which preceded Jordan's, was a tubular metallic blank, having at one end projecting lips which were bent inwardly, edge

to edge, and which were to be brazed together; that these lips were very like those of the Jordan blank, were bent towards each other in the same way, but were nearer together than in that blank; that a Jeralds and Lawton blank was capable of being but-welded by the use of the appropriate dies, and that a skillful forger of metals could have but-welded such a blank, before the date of the Jordan invention, if he had been told to do it. The Jordan improvement, so far as it was disclosed in the patent, consisted in but-welding, instead of brazing, the oval ends of a Jeralds and Lawton blank. Soldering, brazing, and lap-welding the end seams, and but-welding the side seams, of a hollow handle blank, had been well known before the date of either patent. The Jordan patent disclosed nothing in regard to the shape of the dies. That was a mechanical detail, to be adjusted by practice. The patentability of the invention seems to rest upon inadequate foundations, and, accordingly, I doubted whether it was patentable, but, from the history of the art, was led to the conclusion that the idea of but-welding the ends of a Jeralds and Lawton blank was the fruit of an inventive mind. It is still plain that the alleged invention is very near to the dividing line between the work of an inventive, and that of a merely mechanical, mind. This being the character of the invention, the Messrs. Hart testified that they practiced the same art in 1881, and that story is a natural and probable one. They were the sons of a manufacturer of iron and steel edged tools, worked in their father's shop, had long been familiar with welding and brazing, were familiar, before 1881, with hollow handles in which a seam was formed by brazing or soldering, began to be manufacturers of table cutlery in 1878, were inventors, and, as appears from a patent to H. C. Hart, were certainly familiar, in 1883, with a hollow handle, the lips of which were bent together for brazing. That the idea of but-welding the inclined lips of the end of a hollow handle should occur to them, and that they should carry the idea into effect, was most natural. It was not a mystery to them. If the improvement had been a complex mechanism, if the essence of the invention had been the nice adjustment of parts to produce a result, or if the thing to be done required genius of a superior order, the testimony would have been insufficient; but it requires much less testimony to satisfy a court that the Messrs. Hart, who had brazed, and welded, and but-welded, for years, conceived and carried out the idea of but-welding instead of brazing the inclined end lips of a blank, than it would to satisfy a court that they had made a new, complicated machine. In such a case as this, the severe scrutiny which is given to the alleged anticipation of the Morse telegraph, the Bell telephone, or the Howe sewing-machine is not called for, because reasonable doubts do not exist. The argument of the plaintiff forgets that it requires less testimony to establish a fact which was very likely to have occurred, than to establish an improbable theory. The application is denied.